FLORENCE v. BELT. (No. 1930.)

(Court of Civil Appeals of Texas. Texarkana. April 19, 1918. Rehearing Denied May 2, 1918.)

MASTER AND SERVANT ⚖=201(1)—INJURIES TO SERVANT—CONCURRING NEGLIGENCE.

A master is liable to his employé for injury resulting from master's negligence concurring with that of a fellow servant.

Appeal from District Court, Upshur County; J. R. Warren, Judge.

Action by Golden Belt, by next friend, against M. C. Florence. Judgment for plaintiff, and defendant appeals. Affirmed.

In July, 1916, appellee, then 15 years of age suffered injury to his person as a result of the falling of a log upon him while he was working in a sand pit assisting other employés of appellant in removing sand therefrom and loading same on railway cars. On the theory that the injury he suffered was due to negligence on the part of appellant, appellee sued him and recovered the judgment for $375 from which the appeal is prosecuted.

The pit, it seems, was about 10 feet deep. Sand was removed from it in a conveyer which moved over an inclined track to cars on the railroad, distant about 60 feet. The conveyer was drawn from the pit to the cars by a horse by means of a rope which passed from the conveyer through a pulley over the railroad to the horse. It was the practice to release the rope from the horse when the conveyer was unloaded. It (the conveyer) would then, of its own momentum, roll down the inclined track to the bottom of the pit. As the conveyer would so roll, the rope, because of slack in it due to its release from the horse, would drag on the ground at the edge of the pit, causing sand to fall therein. To prevent this a log, with knots on it, 10 or 12 feet long and weighing about 100 pounds, had been placed near the edge of the pit, so that the rope would drag on it instead of on the ground.

At the time the accident occurred appellee was in the pit to assist one Clifton and one Martin in loading the sand into the conveyer. One Danner was at the cars to dump the sand from the conveyer into the cars, and one Lambert was looking after the horse.

In his petition appellee alleged that he was only 15 years of age and had never worked in a sand pit; that when employed he was placed by appellant "under the direction of Ben Clifton, the pit foreman and agent of defendant, who was in charge of said work"; that it was in compliance with Clifton's direction that he went into the sand pit to assist in loading sand into the conveyer provided for that purpose; and that the appliances for moving the conveyer from the pit to the cars on the railroad were, and were known by appellant to be, and were not known by him (appellee) to be, unsafe. He further alleged that "a big knot was tied in the rope," which caused the rope to catch on the log and drag it to the edge of the pit, when it fell into same.

By the court's charge the jury were not authorized to find in appellee's favor unless they believed appellant was negligent in that

he permitted the knot to be and remain in the rope.

Briggs & Florence and Leslie Florence, all of Gilmer, and Simpson, Lasseter & Gentry, of Tyler, for appellant. T. H. Briggs, J. S. Barnwell, and Stephens & Sanders, all of Gilmer, for appellee.

WILLSON, C. J. (after stating the facts as above). Three of the 16 assignments are predicated upon instructions given to the jury, and 13 upon the action of the court in refusing to give instructions requested by appellant.

If the instructions given were erroneous in the particulars pointed out in the first and second assignments, obviously, we think, the errors were not of a nature requiring a reversal of the judgment. And so if they were erroneous in the respect complained of in the third assignment, for the error was one of omission merely.

On the theory that there was no testimony on which to base a finding that he had been guilty of negligence as charged by appellee, appellant asked the court to instruct the jury to find in his favor. It was not error to refuse the request. There was testimony warranting the finding made by the jury that appellant was guilty of negligence in permitting the knot to be in the rope, and testimony which would have authorized a finding that appellant also was guilty of negligence in failing to warn appellee of the danger he incurred in going into the pit to work as he did.

To accomplish the purpose for which the log was used it was necessary to place it near the edge of the pit; and to keep the log from falling into the pit because of the caving of sand as the work progressed it was necessary to move it back from time to time. On the theory that there was testimony which would have authorized a finding that the falling of the log into the pit was due to negligence on the part of fellow servants of appellee in failing to move it back, appellant requested the court to instruct the jury to find for him if they believed:

(1) That he had "committed the task of loading the sand into the car and looking after the rope and other appliances used in doing the work to his employés at the pit, and they had failed to use ordinary care to move the log back or securely fasten it;" or

(2) "That Lambert, who drove the horse, negligently permitted the log to get too near the edge of the pit, or the rope to get caught on the log or pull it into the pit;" or

(3) That Danner, who unloaded the sand from the conveyer, into the car, "saw the rope was going to drag the log into the pit, and could have stopped the car in its descent into the pit in time to have kept the rope from dragging the log into the pit, if it did, and that he negligently failed to stop the car and the rope jerked the log off into the pit;" or

(4) That the failure to move the log back was a proximate cause of the accident and that such failure "was the fault of the fellow servant."

We think it was not error to refuse to so instruct the jury, and therefore overrule the assignments numbered 4, 5, 6, and 7. If it should be conceded that the testimony made an issue as to negligence vel non on the part of a fellow servant, it nevertheless would have been error to give the instructions refused; for they would have authorized the jury to find against appellee if they believed one of the men working with him was guilty of negligence as specified, notwithstanding they also believed appellant was guilty of negligence in permitting the knot to be in the rope, and that his negligence in this respect was a proximate cause of the injury to appellee. It is settled—so well so that authority showing the fact need not be cited—that the employer is liable to his employé for injury resulting to him from his (the employer's) negligence concurring with that of a fellow servant.

Nor do we think the court erred when he refused to give to the jury appellant's special charges numbered 3, 4, 7, 8, 13, 17, 18, and 23. The court we think in his main charge and in special charges given at appellant's request sufficiently instructed the jury as to the matters covered by the refused charges.

The judgment is affirmed.